## BAUDOT v. ABUNDANCE REALTY CORPORATION.

### No. 14989.

Court of Appeal of Louisiana. Orleans.

Oct. 29, 1934.

Cameron C. McCann, of New Orleans, for appellant.

R. A. Dowling, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit for damages by the daughter of a tenant against a landlord in which $2,353.75 is claimed as the result of an alleged fall in a cesspool on the leased premises.

Plaintiff alleges that on or about September 7, 1933, while residing with her mother, Mrs. Leontine Baudot, defendant's tenant, she walked into the yard for the purpose of hanging clothing on a clothes line; that she stepped "on a cesspool manhole cover which turned open, causing petitioner to fall into the cesspool. She was submerged to her waist in the cesspool, which was full at the time." That in falling she struck her leg violently against the iron cover of the manhole, causing the formation of a hæmatoma, or blood tumor. She attributes the accident to the insecure fastening of the manhole cover, which, she says, slipped when she placed her weight upon it.

The defense is, in effect, a general denial.

There was judgment below dismissing the suit and plaintiff has appealed.

Plaintiff's case is supported by two witnesses, herself and her mother, both of whom testified that the iron manhole cover, though designed to be secured by two bolts, was held in place by only one, the missing bolt being substituted by a wooden peg; that when Miss Baudot walked upon it it slid open, causing her to fall in the pool.

On the other hand, the landlord testified that he visited the premises after the accident and found the cover securely in place. The builder of the cesspool testified that the cover fits into a groove three-eighths of an inch deep and that when in place the cover cannot slide. A plumber who connected the cesspool for the owner corroborated the builder as to the character of construction and added that he stood on the cover of the pool without having it slip or slide under his weight.

Under the circumstances we cannot say that the plaintiff has made out her case with legal certainty and that the judgment of the trial court upon the question of fact involved was manifestly erroneous.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.